UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TINO AVERY NORFLEET,

    Petitioner,

v.                             Case No.: 2:25-cv-00624-SPC-NPM

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Respondent,
_____/

## OPINION AND ORDER

Before the Court is Petitioner Tino Avery Norfleet's petition for a writ of habeas corpus (Doc. 1). Norfleet is a pretrial detainee in the Charlotte County Jail. He claims his detention is unlawful, but it is not clear why. For that reason alone, Norfleet is not entitled to habeas relief. *See Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1060-61 (11th Cir. 2011) (allegations in habeas petitions "must be factual and specific; not conclusory").

Norfleet is also not entitled to habeas relief because he does not allege or demonstrate that he has exhausted his claims in state court. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). Notably, federal habeas relief is not intended as a "pre-trial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973).

Further, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) (stating "absent extraordinary circumstances" federal court should not enjoin state criminal proceedings). Norfleet provides no reasons for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application any exception to the *Younger* doctrine. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004).[1]

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because Wood is not entitled to habeas corpus relief, the Court must now consider whether he is entitled to a certificate of appealability. It finds that he is not.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA").

---

[1] Noting the Supreme Court in *Younger* set three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Ibid*.

"A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Norfleet must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El*, 537 U.S. at 335-36. Norfleet has not made the requisite showing.

Accordingly, it is now

**ORDERED:**

1. Petitioner Tino Avery Norfleet's petition for a writ of habeas corpus (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment, and close this file.

3. Norfleet is not entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida on July 21, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:   FTMP-1
Copies:  All Parties of Record